UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| G.S.P., Petitioner, v. ANDRE QUINONES, *et al.*, Respondents. | CASE NO. 2:26-cv-04070-GJL<br><br>ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS IN PART |

Petitioner G.S.P. is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 6. On November 9, 2026, Petitioner, through counsel, filed an Amended Petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking immediate release from immigration detention and injunctive relief. *Id.* Respondents to the Amended Petition include Andre Quinones (Acting Field Office Director for ICE's Seattle Field Office), David Venturella (Acting Director of ICE) Markwayne Mullin (Secretary of the U.S. Department of Homeland Security ("DHS")), Todd Blanche (Acting U.S. Attorney General), ICE, DHS, and Bruce Scott (Warden of the NWIPC) (collectively "Respondents").[1] The Amended Petition is fully briefed. Dkts. 6, 9, 14.

[1] The Parties have consented to proceed in this matter before a United States Magistrate Judge. Dkt. 5.

Having considered the Parties' submissions, the balance of the record, and the governing law, the Court **GRANTS** the Amended Petition (Dkt. 6) **IN PART**, **ORDERS** Petitioner's **immediate release**, and **DENIES** his request for injunctive relief.

## I. BACKGROUND

Petitioner is a native and citizen of India, who lawfully entered the United States on May 28, 2024, pursuant to a B-2 non-immigrant visa and remained beyond expiration of that visa. Dkt. 6 at 9. Petitioner applied for asylum in the United States on October 12, 2024, and that application remains pending. *Id.* at 10. It is undisputed that Petitioner's current detention is governed by the discretionary detention scheme in 8 U.S.C. § 1226(a). *Id.* at 13; Dkt. 9 at 5–6. Consistent with the statutory requirements of that scheme, Petitioner requested a bond redetermination hearing before an Immigration Judge ("IJ"). Dkt. 6 at 13.

On September 28, 2026, Petitioner received a bond hearing before IJ Matthew Davidhizar. Dkt. 6-1 at 11–12. In advance of the hearing, Petitioner submitted evidence in support of his request for release. Dkt. 6 at 13–14; Dkt. 6-1 at 20–86. Among other things, Petitioner's submissions demonstrated his stable employment history as a long-haul trucker, valid employment authorization, an offer of continued employment following release, tax returns, and letters of support, including a letter from a prospective United States citizen sponsor. Dkt. 6-1 at 20–86. The government submitted a DHS Form I-213. Dkt. 11-3.

An audio recording of the immigration bond proceedings was submitted for the Court's review. Dkt. 12.[2] At the outset of the bond hearing, the IJ confirmed that he had reviewed the

---

[2] Curiously, in their Return, Respondents suggest that the IJ's audio cannot be heard "toward the end of the hearing." Dkt. 9 at 2 n.2. Respondents neglect to offer any representations about the IJ's stated rationale throughout their briefing and fail to raise *any* legal defense to that reasoning. *See* Dkt. 9. Although the quality of the IJ's audio degrades over the course of the hearing, the Court was able to discern the stated reasoning upon a careful review of the recording.

parties' submissions and admitted the evidence into the record. *Id.* at 0:00–1:30. The IJ then confirmed that the government did not contend Petitioner posed a danger to the community and focused the proceedings on whether Petitioner presented a risk of flight. *Id.* at 2:05–2:30.

During the hearing, the IJ questioned the parties regarding, among other things, Petitioner's manner of entry into the United States, his avenues for relief from removal, his employment and residential history, and his familial ties in the United States. *Id.* at 2:30–20:30. Petitioner's counsel argued that Petitioner was not a flight risk, emphasizing his stable employment history, employment authorization, United States citizen cousin who resides in Washington State, and documented release plan, which included an offer of continued employment and sponsorship. *Id.* at 1:40–9:50, 17:30–18:26. The government argued that Petitioner posed a flight risk because of his employment as a long-haul truck driver, lack of a fixed residential address, limited family ties, and allegedly weak prospects for relief from removal. *Id.* at 9:55–17:10.

At the conclusion of the hearing, the IJ found that Petitioner did not pose a danger to the community but found that he presented a risk of flight. *Id.* at 20:15–22:30. In support of this determination, the IJ made note of Petitioner's prospective sponsor but emphasized that Petitioner lacked a fixed residential address because of his employment as a long-haul truck driver and had limited family ties in the United States. *Id.* The IJ further observed that Petitioner did not appear to intend to reside with his proposed sponsor given the nature of his employment, that he was unmarried, and he had "tenuous" prospects for relief from removal. *Id.* Finally, the IJ concluded that no amount of bond would reasonably ensure Petitioner's appearance at future immigration proceedings. *Id.*

Following the bond hearing, the IJ issued a written bond decision on a checkbox form marking the following:

[X] ORDERED that the request for a change in custody status be denied.
[x ] REMAINS AT NO BOND.

* * *

[X] Flight Risk

* * *

[X] OTHER: Conditional release…[X ] was not requested

Dkt. 6-1 at 11–12. The checkbox order does not include any other reason, explanation, or discussion of the bond denial decision or the evidence upon which it rested, and there is no further written record of the bond denial decision from the perspective of the IJ.

## II. PROCEDURAL BACKGROUND

Petitioner filed his Amended Petition and supporting materials on November 3, 2026. Dkt. 6, 6-1. Respondents filed a Return and supporting materials on November 9, 2026. Dkt. 9; Dkt. 10; Dkts. 11, 11-1–11-6; Dkt. 12. Petitioner filed a timely Traverse. Dkt. 14. Thus, this matter is now fully briefed and ready for consideration by the Court.

## III. DISCUSSION

Petitioner seeks immediate release from detention, arguing first that the IJ's bond denial decision and his bond proceedings were unlawful and violated his procedural due process rights. Dkt. 6 at 19–31, 40–42. Petitioner further argues that any requirement to exhaust administrative remedies before the Board of Immigration Appeals ("BIA") should be waived. *Id.* at 34–40. Petitioner also contends that he is entitled to habeas relief on other grounds and seeks injunctive relief concerning any future re-detention decision he may face and what conditions of release that may be imposed. *Id.* at 42–44.

In their Return, Respondents argue that Petitioner should be required to exhaust his administrative remedies before the BIA and, in any case, that Petitioner has generally received sufficient process throughout his immigration detention. Dkt. 9 at 5–11. Respondents neither address nor defend the particular reasons underlying IJ's bond determination challenged here. *See* Dkt. 9.

The Court agrees with Petitioner that exhaustion is properly waived, that the IJ's bond determination was unlawful and violated Petitioner's procedural due process rights, and that he is entitled to immediate release.[3] The Court does not find, however, that Petitioner is entitled to the injunctive relief requested in the Amended Petition. The Court also declines to address whether Petitioner's remaining claims provide further basis for habeas relief.

First, even if exhaustion were required, waiver of that requirement is appropriate given the frequently delayed remedies available through the BIA and the comparatively swift relief available via habeas corpus proceedings:

> If Petitioner is correct that [his] detention is unlawful and h[is]immediate release is required, even a successful BIA appeal process is no adequate substitute for the swifter redress available through the habeas writ. A petition for writ of habeas corpus is "entitled by statute to special, preferential consideration to insure expeditious hearing and determination." *Van Buskirk v. Wilkinson*, 216 F.2d 735, 737–38 (9th Cir. 1954). This is for good reason: the Constitution cannot abide the prolonged confinement of a person who by law should be at liberty. Therefore, "[t]he application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from [her] within the four corners of the application." *Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000).

[3] Notwithstanding the jurisdictional limitations in 8 U.S.C. § 1226(e), the Court also finds it has jurisdiction over Petitioner's claims. *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022); *Kharis v. Sessions*, Case No. 18-cv-04800-JST, 2018 WL 5809432, at *4 (N.D. Cal. Nov. 6, 2018) ("[A] district court has jurisdiction to review an IJ's discretionary bond denial where that bond denial is challenged as legally erroneous or unconstitutional.") (collecting cases).

*Roberts v. Scott*, No. 2:26-CV-01333-TL, 2026 WL 2071146, at *4 (W.D. Wash. July 17, 2026) (last alteration in original); *see also Carbajal Barajas v. Scott*, No. 2:26-CV-04083-JHC, 2026 WL 3535779, at *2 (W.D. Wash. Nov. 17, 2026) ("[C]ourts in this District have repeatedly rejected the Government's argument that the Court should require prudential exhaustion in cases such as this one."). Thus, the Court concludes that the circumstances presented here warrant waiver of any exhaustion requirement.

Next, the Court finds that Petitioner has satisfied his burden of demonstrating by a preponderance of the evidence that reviewable legal or constitutional errors pervaded his immigration bond proceedings and warrant the grant of habeas relief, particularly in the absence of any meaningful opposition by Respondents. More specifically, the IJ's stated reasons for denying bond do not bear a rational relationship to the likelihood Petitioner will abscond or appear and the resulting bond denial decision violates due process. *See Soto Gimenez v. Hernandez,* No. 2:26-CV-00966-GJL, 2026 WL 1156075, at *8 (W.D. Wash. Apr. 29, 2026) ("Bond determinations must bear a rational relationship between the governing legal standards and the facts and evidence in a given case. Where those minimum requirements are not met, a resulting bond denial decision violates due process.").

Several of the circumstances cited by the IJ concerned Petitioner's limited time, ties, and avenues for relief from removal. Dkt. 12 at 20:33–22:30. These circumstances are common among noncitizens facing the prospect of removal and, standing alone, are not a permissible or sufficient basis for a flight risk finding. *See Sakwe v. Mullin*, No. 26-CV-02159-BAS-MMP, 2026 WL 2568438, at *2 (S.D. Cal. Aug. 14, 2026); *Soriano v. Hernandez*, 830 F. Supp. 3d 1071, 1081 (W.D. Wash. 2026) (limited avenues for relief from removal, which is common among noncitizens facing the prospect of removal, does not provide a rational basis for a flight

risk finding); *see also Layata Hernandez v. Hernandez*, No. 2:26-CV-01574-GJL, 2026 WL 1723680, at *6 (W.D. Wash. June 15, 2026) (noting that, even permissible factors considered by IJs, "should not be viewed so broadly or given such undue weight as to risk either denying release or 'requiring a bond of almost every [noncitizen] who is held in deportation proceedings'") (quoting *Matter of Patel*, 15 I. & N. Dec. 666, 667 (BIA 1976)).

Beyond these considerations, the IJ relied on Petitioner's employment as a long-haul truck driver in finding that he presented a risk of absconding. Dkt. 12 at 20:33–22:30. Yet the BIA has recognized that a *lack* of employment history militates against release. *Matter of R-A-V-P-*, 27 I. & N. Dec. 803, 805 (B.I.A. 2020). The Court thus discerns no logical connection between Petitioner's gainful employment and the likelihood that he would fail to appear for future immigration proceedings, even if such employment involves frequent travel. *See Soriano*, 830 F. Supp. 3d at 1080 (concluding a noncitizen's history of unauthorized employment using false Social Security numbers lacked rational connection to IJ's flight risk finding); *see also Lemus Crispin v. Bondi*, 832 F. Supp. 3d 534, 545 (E.D. Va. 2026) (concluding that an IJ abused their discretion in finding flight risk based on a noncitizen's history of steady unauthorized employment, inconsistencies in federal tax forms, and noncompliance with immigration laws).[4]

In sum, a reasonable and impartial decision-maker presented with the facts and evidence of Petitioner's case would not conclude that denial of bond was warranted or that no condition or combination of conditions would reasonably assure his appearance at future immigration

---

[4] The IJ also briefly referenced Petitioner's "status" in Canada as demonstrating that no amount of bail would reasonably ensure his appearance. Dkt. 12 at 22:20–22:27. It is unclear what "status" is being referenced. However, in her notes prepared following the hearing, Petitioner's bond counsel assumed that one of the IJ's concerns was that Petitioner previously studied in Canada without seeking asylum there. See Dkt. 6 at 15; Dkt. 6-1 at 18. Even accepting this supposition as true, which the Court is disinclined to do given the lack of clarity in the IJ's decision and Respondents' failure to meaningfully address or defend that decision, the Court discerns no rational connection between Petitioner's immigration status in Canada and the likelihood he will appear for immigration proceedings in the United States if released on bond.

proceedings. The Court therefore concludes that the IJ abused his discretion in denying bond and that Petitioner's continued detention pursuant to that determination violates due process.

With respect to remedy, the Court finds that immediate release is appropriate to cure the unlawful detention here. *Dai v. Scott*, No. 2:26-CV-03865-TLF, 2026 WL 3465670, at *5 (W.D. Wash. Nov. 13, 2026) (ordering immediate release to remedy abuse of discretion at bond hearing held pursuant to 8 U.S.C. § 1226(a)); *Hernandez Perez v. Julio Hernandez*, No. 2:26-CV-03897-JHC, 2026 WL 3407251, at *4 (W.D. Wash. Nov. 10, 2026) (same) (collecting cases).

However, the Court denies Petitioner's requests to enjoin Respondents' detention authority. In particular, Petitioner requests that the Court impose specific procedures that must be met before Respondents may lawfully re-detain Petitioner and requests that the Court constrain Respondents' authority to impose certain release conditions. Dkt. 6 at 43–44. Such broad requests are not supported by the record in this case. While the Court generally concurs with Petitioner that Respondents must comport with due process when exercising their detention authority, the Court declines to conclusively resolve what individualized process may be due to Petitioner in all circumstances preceding a future re-detention, nor will it weigh in on what conditions of release Respondents may permissibly impose.

## IV. CONCLUSION

Accordingly, the Court **ORDERS** as follows:

(1) Petitioner's Amended Petition (Dkt. 6) is **GRANTED IN PART;**

(2) Respondents **SHALL release** Petitioner G.S.P. from custody **IMMEDIATELY** either on his own recognizance or under conditions of supervision reasonably necessary to ensure his appearance; and

(3) Respondents **SHALL** file a declaration within **24 HOURS** of the issuance of this Order, confirming that Petitioner has been released from custody and providing the date and time of release.

Finally, the Court will entertain any post-judgment motion for attorney's fees, as requested in the Amended Petition. Any fee petition must be filed within the deadline set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 20th day of November, 2026.

Grady J. Leupold
United States Magistrate Judge